(No. 37283.—)
LA SALLE NATIONAL BANK, Trustee, Appellant, vs. THE CITY OF HIGHLAND PARK, Appellee.

*Opinion filed March 22, 1963.*

McCLORY, BAIRSTOW, LONCHAR & NORDIGIAN, of Waukegan, (ROBERT McCLORY, DAVID K. ANDERSON, and PETER J. NORDIGIAN, of counsel,) for appellant.

THOMAS H. COMPERE, Corporation Counsel, of HIGHLAND PARK, (BERLE L. SCHWARTZ, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:
This action was commenced by plaintiff, the La Salle National Bank, as trustee, for a declaratory judgment that the zoning ordinance of the city of Highland Park, defendant, is unconstitutional and void as applied to a 20-acre tract of land, title to which is held by plaintiff under a land trust. After hearing, however, the circuit court of Lake County entered judgment finding the ordinance valid and constitutional and, later, entered an order denying plaintiff's motion to vacate the judgment. By this appeal plaintiff seeks review of both the judgment and order. Although we find no statutory certificate as provided for in section

75(1)(c) of the Civil Practice Act, (Ill. Rev. Stat. 1961, chap. 110, par. 75(1)(c),) we have jurisdiction to entertain the direct appeal because a constitutional question is presented. *La Salle Nat. Bank of Chicago* v. *County of Cook,* 12 Ill.2d 40.

The 20-acre tract in issue is presently zoned in an " 'A' Country Estate District," a classification which permits many uses, including single-family residence use, but provides that every lot or tract of land upon which a building is erected shall have an area of at least three acres. What plaintiff seeks is rezoning to a " 'B-1' Twenty Thousand Square Feet Single-Family District" classification which, as its title implies, permits single-family dwellings to be erected upon lots of not less than 20,000 square feet (½ acre in area.) At the trial plans for a subdivision of the property on this basis were introduced into evidence. The basic issue thus presented is whether the existing country-estate classification bears a real and substantial relation to the public health, safety, welfare or morals, or whether, as plaintiff contends, it is arbitrary, unreasonable and confiscatory in its application to plaintiff's land.

Pertinent zoning history shows that the country-estate classification was conceived. in a zoning ordinance enacted in 1947 and was applied to much of the land in the city lying on either side of the East Skokie drainage ditch, described as being part of the East Branch of the North Fork of the Chicago River. The ditch, stated by one witness to be about 22 feet wide at its base and about 40 to 50 feet wide at its crown, has an average depth of about 10 feet and traverses plaintiff's tract diagonally at its extreme northeast corner. The record shows also that in the immediate area it is only the plaintiff's property, and possibly a golf course abutting it on the north, which retains the country-estate classification. On the west plaintiff's land is bounded by an extensive residential subdivision zoned for single-family dwellings on lots of 20,000 square feet;

on the south, across Clavey Road, it is bounded by another such subdivision, the classification of which was changed from country estate on October 12, 1959, at a time when plaintiff had a petition for similar rezoning pending; while on the east it is bounded by a large tract upon which a religious group plans to erect a temple and a parking lot, a variance for such use having been granted by defendant while this suit was pending. In brief, it appears beyond question that plaintiff's property is being accorded different treatment from the properties similarly situated, or substantially so, in relation to the whole area generally.

Other evidence shows there is no market for 3-acre lots in the vicinity, and while the parties differ as to the construction to be placed upon the testimony of the various witnesses, it appears to our satisfaction that it would be economically unfeasible to develop the land, (*i.e.* with fill, streets, water and sewer,) for 3-acre lots. (Cf. *Liebling* v. *Village of Deerfield,* 21 Ill.2d 196.) Stated differently, the proof shows that the country-estate classification renders development highly confiscatory, if not prohibitive, and imposes a real hardship on the owner which would be lessened if the property is developed for the greater number of lots permitted under the 20,000 square feet classification. When this factor is laid beside the lack of a market for 3-acre lots, the net probability is that the land will remain unimproved in its present classification.

To justify the country-estate classification and its discriminatory and confiscatory effects upon the plaintiff's land, the defendant contends it is necessary in the public safety, interest and welfare for the purpose of flood control. Relevant proof shows that some parts of plaintiff's tract lie below the flood-base elevation, or flood line, prevailing in this particular area and that on the occasion of a major flood in 1938, the water of the ditch extended over the plaintiff's land. In other scattered instances of high

water, pools had collected on some parts of the tract and had made it wet and soggy. The same things appear to have been true, however, of some of the portions of the land in the area which was rezoned from country estate to the 20,000 square feet classification.

Pursuant to newly acquired legislative authority, and while this suit was pending, the defendant enacted a "Flood Plain Ordinance," wherein it declared a flood plain to be "that continuous land area adjacent to a water course whose elevation is equal to or below the flood base elevation." Other sections provide that no new building shall be erected within a flood plain unless the lowest floor, including the basement, is at an elevation which is not less than two feet above the flood base elevation for the site, and that if any fill or type of construction would displace waters in the flood plain, a flood reservoir shall be constructed equal in volume to the volume of the fill or construction deposited below the flood base elevation. It is conceded that a part of plaintiff's tract is situated in a flood plain, as described by the ordinance, and that fill will be necessary to build the subdivision planned.

We do not see, however, how the continued classification of plaintiff's tract as a country-estate district bears any real or substantial relation to the public purpose claimed. Whether the land be developed for 3-acre lots or lots of ½ acre (20,000 square feet) precisely the same amount of fill will be required in each case, and precisely the same steps will have to be taken to comply with defendant's flood plain ordinance. And while defendant argues strenuously that to permit fill and construction on plaintiff's tract will have the effect of increasing the flood plain below, such an argument not only overlooks the reservoir requirements of its flood plain ordinance but, more significantly here, that the same effects will be felt below whether plaintiff's land is filled in for development for 3-acre tracts or ½-acre

354

tracts. In addition, as aptly observed by the trial court, there will be the same amount of water in the ditch whether you have 3-acre lots or ½-acre lots.

Some argument is made that a greater density of residences will decrease the amount of earth available to absorb flood waters and will also increase the run-off rate of rainfall into the ditch. While perhaps true to some degree in the case of normal rainfall, these factors would be of little significance on those occasions when the land is drenched by flood producing downpours and, moreover, plaintiff's land would contribute but an insignificant amount to the total waters in the ditch, no matter which zoning prevails.

Considering the entire record it clearly appears that the country-estate classification of plaintiff's property is not necessary to the end that flood conditions may be lessened or avoided, and that its application to plaintiff's land is arbitrary and confiscatory without substantial public benefit or purpose. Having arrived at this conclusion there is no need to consider the contentions relating to the refusal of the trial court to vacate its judgment, for they entail only additional claims going to the arbitrariness of the present zoning. Accordingly, the judgment of the circuit court of Lake County is reversed and the cause is remanded with directions to grant plaintiff the relief prayed in the complaint.

*Reversed and remanded, with directions.*