Warren L. Dixon and Daisy V. Dixon, His Wife, Plaintiffs-Appellants, v. The County of Kane, State of Illinois, a Body Politic and Corporate, Defendant-Appellee.

Gen. No. 65–142.

Second District.
December 20, 1966.

Fawell and Larson, of Naperville, for appellants.

William R. Ketcham, State's Attorney, of Geneva, and G. William Richards, Assistant State's Attorney, of Aurora, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

This appeal arises from a declaratory judgment action. In 1954 the plaintiffs purchased two and one-half lots on Molitor Road in Kane County. At that time Molitor Road was a two-lane gravel road, typical of the country area. Plaintiffs built their home on the property in question abutting a small creek to the rear. The entire area was then zoned "F" Farming in the unincorporated area of Kane County and the only uses of property were a few single-family residences. In 1960 the East-West Toll Highway was constructed about 700 feet North of the plaintiffs' property and a cloverleaf interchange was built as part of the toll highway system. In 1957 Farnsworth Avenue was extended along the East boundary of the plaintiffs' property connecting to the Toll Road Interchange. Farnsworth Avenue is now a four-lane highway with a median strip.

This extensive road construction caused the beginning of change in the neighborhood. Instead of being on a country road the plaintiffs were now located at the Southwest corner of Molitor Road and Farnsworth Ave-

nue, a busy highway intersection. The Northeast corner was rezoned for business purposes by the defendant and a gasoline service station has been installed and is operating on that property. Immediately North of the service station the property was also rezoned for business by the defendant and is used by a cement contractor for excavating machinery. East of the contractor's yard the property is zoned for manufacturing purposes and is within the City of Aurora. All of the property South of the subject property on the West side of Farnsworth Avenue has been zoned for business. West of the subject property, but not adjacent, is a large tract zoned for multiple-family use and currently being developed with apartment buildings in the City of Aurora.

The plaintiffs received an offer from an oil company to sell a portion of their property for $47,500. They applied to the County zoning authorities for a reclassification to permit the proposed service station. On two occasions the Zoning Board of Appeals of Kane County recommended that the request be granted but each time the Board of Supervisors of that County denied the recommendation. Thereupon, this suit was filed in declaratory judgment to test the validity of the single family classification.

The factors to be considered in a zoning case have been reiterated on numerous occasions, Bauske v. City of Des Plaines, 13 Ill2d 169, 180, 148 NE2d 584 (1957), and it would extend this opinion unnecessarily to repeat those factors. Illinois Courts have repeatedly held that the factor of the greatest importance is the use and zoning of nearby properties. Jacobson v. City of Evanston, 10 Ill2d 61, 70, 139 NE2d 205 (1956).

Applying that test to the subject case it appears that the bulk of the nearby properties are either zoned or used for business purposes and for other purposes not compatible with single-family residence uses. It is obvious that the trend of development in the area is toward

nonsingle-family uses. This has been recognized by the zoning authorities in the City of Aurora and even by the Board of Supervisors of Kane County. The defendant rezoned the Northeast corner of the intersection for the very purposes which plaintiffs now seek. That rezoning was apparently not contrary to either good zoning or planning practice. That rezoning installed the first gasoline service station in the area, but now it appears that good planning would prohibit another gasoline station across the street. This appears to be the sum total of the defense.

The Director of Planning for Kane County was the only witness appearing for the defendant. He did not agree that the presently existing gasoline station was good planning or zoning but he felt that its presence had no effect on the proper classification of the subject property. His view of the trend of development was that it was single family. We find this very hard to accept in view of the fact that since the construction of the Toll Highway and Farnsworth Avenue about the only new construction in the area has been other than single family.

The defendant makes the usual arguments that the Zoning Ordinance of Kane County is presumed valid, that we should not substitute our judgment for that of the local authorities, and that even though plaintiffs would suffer a loss in value of their property, this is not determinative.

We acknowledge the usual rules and we hesitate to overrule the local authorities and the trial court, however, in this case we would be remiss in our duties if we upheld the zoning.

█ It is not the loss in value suffered by the plaintiffs that is determinative. The proper inquiry is—is this loss necessary because of a corresponding benefit to the general public? In the case at bar we find no benefit to the general public. Uses such as the plaintiffs' purpose

341

already exist in the area. A continuation of the single-family zoning on the plaintiffs' property would not benefit the general public at all. As we have indicated the uses and zoning of surrounding property and indeed the trend in the area is towards the type of uses now proposed by the plaintiffs. We, therefore, conclude that the single-family residential zoning classification is invalid.

Our decision to invalidate the present zoning does not finally resolve matters between these litigants. There remains the question of granting appropriate relief. The evils in a decision which merely invalidates existing zoning were clearly pointed out by the Supreme Court in the case of Sinclair Pipe Line Co. v. Richton Park, 19 Ill2d 370, 167 NE2d 406 (1960). The property remains unzoned and can be used for anything or the County Board of Supervisors may take further action and if the plaintiff is not satisfied, further litigation results. Neither of these results are desirable. On the other hand, unless the plaintiff proves a specific proposed use for the property, the court may not assume the roll of a zoning body and determine the most appropriate use. If no specific use is proposed, the most the court can do is invalidate the zoning. If a specific use is proposed, the court, after invalidating the zoning, may authorize the proposed use if that is reasonable under the circumstances of the case. Fiore v. City of Highland Park, 76 Ill App2d 62, 221 NE2d 323.

In this case the plaintiffs submitted evidence in the nature of a plat showing a proposed gasoline service station. In their complaint plaintiffs prayed that the present zoning be held unconstitutional and void, that they be permitted to use their property for any of the uses in the "B–1 Business District" or in the alternative that they be authorized to construct a gasoline service station as proposed. Under our recent decision in the case of Fiore v. City of Highland Park, 76 Ill App2d 62, 221 NE2d 323, we have no right or authority to rezone

the property in question for "B–1 Business" use. In so doing we would be operating as the Zoning Board of Kane County. In addition we would be authorizing many business uses, most of which were beyond the evidence presented. However, since the plaintiff did present evidence concerning a proposed use of the property and since this appears to be a reasonable use, we can and do direct that the plaintiffs be permitted to construct a gasoline service station upon their property in accordance with the evidence.

The case should therefore be reversed and remanded to the trial court with instructions to enter a decree authorizing the use of the subject premises for gasoline service station purposes in accordance with the evidence presented and to hear further evidence, if necessary.

Reversed and remanded with directions.

ABRAHAMSON and SEIDENFELD, JJ., concur.