BRUCE O. BUHRMASTER *et al.*, Plaintiffs-Appellees, *v.* THE COUNTY OF DU PAGE, Defendant-Appellant.

(No. 72-334; )

Second District—December 19, 1973.

*Rehearing denied January 22, 1974.*

William V. Hopf, State's Attorney, of Wheaton (Frank J. Petru, Assistant State's Attorney, of counsel), for appellant.

Peregrine, Stime & Henninger, of Wheaton, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This appeal involves the law of zoning and its application to the proposed construction of a "corner gas station" and neighborhood convenience center. Plaintiffs brought a declaratory judgment proceeding to challenge the validity of defendant's zoning ordinance which classifies their property as single family residential. It is their position that a gas station and convenience center should be permitted to be built on their property. The trial court granted the requested relief and defendant, County of Du Page, appeals.

The essential question presented for our determination is whether the invalidity of the zoning ordinance was established by clear and convincing evidence.

Plaintiffs' property consists of two adjacent parcels in an unincorporated area of Du Page County near Downers Grove, located at the southwest corner of the intersection of 63rd Street with Fairview Avenue (hereafter, "the intersection"). The property has a frontage of 280 feet along 63rd Street which runs east and west, and a 200 foot frontage along Fairview Avenue which runs north and south; a total of approximately one and one-third acres. The property is improved with two single family residences, and is zoned single-family residential, as are the entire areas to the north, northwest, south, southwest, and southeast of it. Across the intersection from the property, to the northeast, a tract of 107 acres has recently been annexed to the village of Westmont. Nine and one-half acres of this tract, at the northeast corner of the intersection, are zoned business and commercial. The remainder of the tract is presently vacant farm land, but is zoned multiple-family residential. With the exception of a non-conforming use, being a greenhouse and nursery three blocks north of the subject property and another non-conforming

florist shop in a residential dwelling one block west of the subject property, the entire area surrounding this property, with the further exception of the tract annexed to Westmont, is residential in character and consists of either single family residential or vacant land.

At the time of trial there was new single-family residential construction going on three blocks west of the subject property on the north side of 63rd Street in Downers Grove. Two blocks to the south and west of the subject property another large single-family development, Prentiss Brook, was also then being developed. Just south of Prentiss Brook on the north side of 75th Street, another residential development was under construction which included single family residences, condominiums and townhouses. There had been no new or pending commercial construction under way within a one-half mile radius of the subject property at the time of trial.

In an attempt to sustain their burden of proving the ordinance invalid, the plaintiffs called two expert witnesses: Thomas Murphy, the Wheaton city planner, and Thomas Collins, a real estate broker and appraiser.

Murphy stated that the character of the area is "vacant to relatively intense residential and commercial." He testified that the "most feasible use" of the subject property would be "low intensity commercial" such as a gas station and neighborhood convenience center. Several factors were considered in arriving at this opinion: the heavy volume of traffic on 63rd Street and his consideration of Fairview Avenue as a north-south collector street; the trend away from low density residential use in the area toward multiple-family residential planned unit developments; the suitability of the property for the proposed use; that the annexation to Westmont, and the rezoning of the tract to the northeast of the property would significantly change the subject property's "future character"; and that there would be no environmental damage to the immediate area.

Similarly, Collins testified that the area could be described as open land and residential. He stated that the highest and best use of the property would be for a commercial facility including an automobile service station. His opinion was based upon substantially the same factors that were utilized by the city planner, Murphy. Collins, however, testified that the character of the subject property was such that it could "stand alone" as a commercial parcel, and that the fact that Westmont had recently zoned the corner to the northeast business and commercial was irrelevant to his consideration of the subject property's highest and best use. Finally, Collins testified that the value of the property as presently zoned is $40,000, including the two residences; whereas if the proposed use were allowed the value would increase to $140,000.

In support of the validity of its zoning ordinance the defendant called Allen Krocower, a private planning consultant. He testified that the character of the immediate area was single-family residential. He did, however, qualify this opinion by stating that some sections might be suitable for multiple-family residences. It was his opinion that the highest and best use of the property was single-family residential. Krocower formulated his opinion as to the highest and best use by taking into consideration the character and use of the surrounding area; emphasizing that there are commercial intersections one mile to the east, and one mile to the west of plaintiffs' property. He stated that those commercial intersections provide ample commercial land use for the area.

Based upon the above facts, and an examination of the entire trial court record and exhibits, we find that the plaintiffs have failed to sustain their burden of proving that the defendant's ordinance is invalid.

■■ It is now axiomatic that a presumption exists in favor of the validity of the zoning ordinance. This presumption can only be overcome if the one challenging the ordinance shows its invalidity by clear and convincing evidence. (*Bass v. City of Joliet* (1973), 10 Ill.App.3d 860, 295 N.E.2d 53; *Trendel v. County of Cook* (1963), 27 Ill.2d 155, 188 N.E.2d 668.) Faced with this presumptive validity of the zoning ordinance, it was incumbent upon the plaintiffs to establish that the legislative decision as to the subject property is clearly unreasonable, rather than that the property could reasonably be classified as plaintiffs wished. *Jans v. City of Evanston* (1964), 52 Ill.App.2d 61, 68, 201 N.E.2d 663.

The major argument presented by the plaintiffs is that "the massive annexation and proposed development of seventy-five acres of commercial, business and multi-family uses immediately opposite the subject site, the heavy trend in the area away from single family and towards mixed commercial and multi-family planned unit developments and the accompanying increase in traffic, all operate to render the single family residential zoning of the subject property arbitrarily unreasonable and confiscatory." The record, however, does not support such a contention.

■■ This court is cognizant of the principle of zoning law that a primary factor in ascertaining the unreasonableness of a zoning classification is whether there has been a "substantial changing trend in the development of the zoned area," or whether it has "remained substantially unchanged in character." (*Scott v. City of Springfield* (1967), 83 Ill.App.2d 31, 226 N.E.2d 57.) Plaintiffs' experts, however, testified that there had been no new or recent commercial development within a one-half mile radius of the subject property. Rather, the developments within this area have been entirely residential; both single and multi-

family planned unit development type. We are therefore not persuaded that there is any trend toward "mixed commercial uses" in the immediate area. See *Guaranty Bank & Trust Co. v. City of Chicago* (1969), 112 Ill.App.2d 378, 251 N.E.2d 384.

■■ The subject property is classified and used for single family purposes. Likewise, the entire neighborhood is almost exclusively classified for single family purposes, and is so used except for the vacant parcels and non-conforming uses. The mere fact that nine and one-half acres to the northeast of the subject property has been rezoned business and commercial by the village of Westmont is not sufficient to detract from the established residential character of the neighborhood. This conclusion follows from the principle that single family-residential character of property will not be upset because of some commercial use near or even adjoining the residential property. (*Ryan v. County of Du Page* (1963), 28 Ill.2d 196, 190 N.E.2d 737; *De Bartolo v. Village of Oak Park* (1947), 396 Ill. 404, 71 N.E.2d 693, *cert. denied* 332 U.S. 765.) Thus, if in an appropriate case, a nearby commercial use will not detract from the residential character of the property, we find it untenable, in the case before us, that the mere business and commercial classification of the nearby vacant farm land in the village of Westmont causes the subject property's present residential classification to become arbitrary and unreasonable.

■■ If, in fact, there is any trend away from a pure single-family residential character in the area it is toward mixed single-family, and multiple-family residential of the planned unit development type. This trend, however, is not a compelling reason for allowing a gas station and convenience center to be constructed on the plaintiffs' property. This is so because the question, which was presented to the trial court and which is before us, is the unreasonableness of permitting the *requested use* of plaintiffs' property. Whether the property would be more suitable for multiple-family use, therefore, is not relevant to the case before us. In determining the constitutionality of a zoning ordinance the court can only concern itself with the validity of the ordinance in light of the proposed use it prohibits. *Schultz v. Village of Lisle* (1972), 53 Ill.2d 39, 289 N.E.2d 614.

■■ We are further not persuaded that the single-family zoning of the subject property is invalid because the property fronts 63rd Street which is a heavily travelled arterial highway. (*Cosmopolitan National Bank v. Mount Prospect* (1961), 22 Ill.2d 463, 177 N.E.2d 365; *Duryea v. City of Rolling Meadows* (1970), 119 Ill.App.2d 445, 256 N.E.2d 32.) Also, the fact that some large parcels of vacant land lie within the immediate area does not reflect that the subject property is unsuitable for single

family residences. Such was the fact in *Jackson v. County of Du Page* (1973), 10 Ill.App.3d 497, 294 N.E.2d 773, and it was not a sufficient factor to upset the residential character of the property in that case.

The various factors relative to the resolution of the validity of a zoning ordinance are well established, ( *La Salle National Bank v. County of Cook* (1957), 12 Ill.2d 40, 145 N.E.2d 65; *Szeliga v. City of Des Plaines* (1972), 4 Ill.App.3d 257, 280 N.E.2d 767; *La Salle National Bank v. City of Evanston* (1973), 10 Ill.App.3d 158, 293 N.E.2d 500), and have been considered by us. Among these, the Illinois courts have consistently stated that whether a classification conforms with the surrounding classifications and uses of nearby property is of paramount importance in determining the validity of an ordinance. ( *Hawkins v. County of Du Page* (1972), 4 Ill.App.3d 306, 280 N.E.2d 536.) The predominantly residential character of the neighborhood and property surrounding this parcel is established; and no commercial uses, other than the two non-conforming greenhouses, interrupt this character. We believe these factors have a beneficial impact upon the public health, safety and general welfare of the entire area which sufficiently outweigh the value depreciation caused to plaintiffs' property by the existing zoning classification. *Mahoney v. City of Chicago* (1956), 9 Ill.2d 156, 137 N.E.2d 37.

In support of their position before us, plaintiffs have relied upon the cases of *Scott v. City of Springfield, supra; Hartung v. Village of Skokie* (1961), 22 Ill.2d 485, 177 N.E.2d 328; *Dixon v. County of Kane* (1966), 77 Ill.App.2d 338, 222 N.E.2d 354; and *Gable v. Village of Hinsdale* (1967), 87 Ill.App.2d 123, 230 N.E.2d 706. Although we agree with the legal principles contained in these cases, we find the cases so factually inapplicable to the case before us that it would unnecessarily lengthen this opinion to distinguish them.

■■ We therefore hold that the findings of the trial court are against the manifest weight of the evidence and must be reversed. It is apparent to us that the evidence, when viewed most favorable toward the plaintiffs, falls far short of overcoming the presumptive validity of the defendant's ordinance. Rather, it reflects a legitimate difference of opinion as to the reasonableness of the ordinance and under such circumstances the legislative judgment of the county must prevail.

Reversed.

SEIDENFELD and T. MORAN, JJ., concur.