WILLIAM SMEJA, Plaintiff-Appellee, *v.* THE COUNTY OF BOONE, Defendant-Appellant.

(No. 74-319; ■■■■■■■■

Second District (1st Division)—December 24, 1975.

John H. Maville, State's Attorney, of Belvidere, for appellant.

Strom, Strom, Oakley & Ellis, of Belvidere, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This is an appeal by the County of Boone from a declaratory judgment of the circuit court of Boone County holding that the Boone County Zoning Ordinance, insofar as it applies to the plaintiff's property in question, is unconstitutional and invalid.

The property in question is a 50-acre tract located on the east side of Route 76 in Belvidere Township, Boone County. The property has a frontage of 836 feet on Route 76 and is approximately 2,600 feet deep. At the time of the acquisition of this property by the plaintiff, together with an adjacent parcel, the same was zoned A (Agricultural) with the exception of the westerly 300 feet fronting on State Route 76, which was classified as D-1 (Single Family Dwelling District). The plaintiff herein sought to have this 50-acre tract zoned in its entirety as D-1 (Single Family Dwelling District) in some 46 lots, each being over 1 acre in size. In June 1973 the plaintiff appeared before the Regional Planning Commission and his application for rezoning was denied. The same month the Board of Appeals of Boone County approved the request for rezoning. In September 1973 the Planning, Zoning and Building Committee of the County Board of Boone County approved the request and recommended the subdivision for approval and in October 1973 the County Board of Supervisors, by a vote of 6-4, approved the rezoning. However, under the Boone County Zoning Ordinance and under the provisions of section 5 of "An Act in relation to county zoning" (Ill. Rev. Stat. 1973, ch. 34, par. 3158) a three-fourths vote was required in the event of a protest by a legal objector to the rezoning and for this reason only the request for rezoning was denied. The plaintiff thereupon filed suit for declaratory judgment in the circuit court of Boone County and that court held that the Boone County Zoning Ordinance, insofar as it applied to plaintiff's property in question is unconstitutional and invalid. The County of Boone appeals.

The case presented to this court appears to be a matter of first impression, viz., the question of rezoning of agricultural property to residential use. The contentions of Boone County in this appeal are first, that the plaintiff failed to prove by clear and convincing evidence that the Boone County Zoning Ordinance was invalid as applied to the sub-

ject property; second, that the trial court's reasons for its decision are contrary to the law; and last, that the decree entered by the trial court is improper and beyond the jurisdiction of the court.

We find the issue on appeal under such circumstances as here requires no different analysis than any other proposed rezoning. As the Supreme Court of Illinois stated in *Sinclair Pipe Line Co. v. Village of Richton Park* (1960), 19 Ill.2d 370, 377, 167 N.E.2d 406, 410-11:

> "The ultimate legal determination that must be made in every case is whether the existing restrictions on the use of the land in question are arbitrary or unreasonable."

We agree with the trial court herein that the Zoning Ordinance of the County of Boone was unconstitutional and invalid as applied to the plaintiff's property. We further find the restriction imposed on the use of plaintiff's property bore no real or substantial relation to the public health, safety, morals, comfort or general welfare.

■ ■ ■ A zoning ordinance is presumptively valid; however, that presumption may be overcome when it is shown there is no substantial relation to the general welfare. (*La Salle National Bank v. County of Cook* (1957), 12 Ill.2d 40, 145 N.E.2d 65; *Schmitt v. Village of Skokie* (1972), 6 Ill.App.3d 177, 285 N.E.2d 202.) The numerous factors that may be taken into consideration in determining the validity of a zoning ordinance are set forth in *La Salle National Bank* and more recently have been delineated in *Duggan v. County of Cook* (1975), 60 Ill.2d 107, 111-12, 324 N.E.2d 406, 409:

> "The general factors considered in arriving at this determination include the uses and zoning of nearby properties, the extent to which existing zoning diminishes the property's value and the proposed zoning enhances it, the suitability of the property for the purposes permitted under the existing zoning, and the relative gain to the public as compared to the hardship imposed upon the property owner by the existing and the proposed zoning uses. (*Tillitson v. City of Urbana* (1963), 29 Ill.2d 22, 27; *La Salle National Bank of Chicago v. Cook County* (1957), 12 Ill.2d 40, 47.) Ultimately if it clearly appears that the relative gain to the public is small when compared with the hardship imposed upon the property owner by the zoning restriction, there is then no valid basis for the exercise of the police power to so limit the owner's right to the use of his property. *Pioneer Trust & Savings Bank v. McHenry County* (1968), 41 Ill.2d 77, 85; *Marquette National Bank v. Cook County* (1962), 24 Ill.2d 497, 502."

As indicated above, the property in question is a 50-acre tract, the easterly 15 acres of which is submarginal land not particularly desirable

for the raising of crops. The remaining 35 acres is wooded. The property is bounded on the north, south and west by farmland, on the east by the Belvidere Airport and farmland. Since the adoption by the County of Boone of its comprehensive Zoning Ordinance, in the area north of the City of Belvidere in the past 10 years 12 subdivisions have been rezoned from farmland to D-1 (Residential) zoning by the County Board. Additionally, 2 miles further north from the subject property, the County of Boone authorized the development of Candlewick Lake, a subdivision comprising 1600 lots. It is indeed difficult to ascertain, absent any specific facts or circumstances, what would differentiate the subject property from the other 12 subdivision rezonings from agriculture to D-1 in this area.

The County cites *La Salle National Bank,* setting forth the six factors that should be considered in determining the validity of a zoning ordinance, concluding that no single one of these factors is controlling, but that the factor of greatest importance is the existing use and zoning of nearby property. The County further states that we should consider the existing use and zoning of nearby property which is, in fact, farmland with the exception of the commercial airstrip located contiguous to the east of the subject property. It is true that this court and other courts have repeatedly announced that the most important of all factors to be considered is the zoning of surrounding properties (see, *e.g. DuPage Trust Company v. County of DuPage* (1975), 31 Ill.App.3d 993, 335 N.E.2d 61, 65). This court has difficulty in finding that the development of a mostly wooded area as residential would be incompatible with agricultural property contiguous to or in the immediate vicinity of the property in question. It is patent, of course, that property developed for residential lots of over one acre have a higher value than ordinary farmland. The testimony in this case indicated that the value of the farmland in the vicinity is roughly $300-600 an acre but that if rezoned to single-family residential it would have a value of $4500-5000 an acre. While this in itself is not a decisive factor nor a necessary element of proof, it is one of several factors which we consider in reaching our decision.

The County further contends that public welfare is promoted by the protection of farming areas. This argument carried to its extreme would negate the development of rural property for residential purposes. Additionally, counsel raises the general argument that the "problems of feeding a growing world are not so far removed that they can be ignored even in a place so small as Boone County, when perhaps its major industry is the production of food." This court is not unmindful, as pointed out by counsel for the plaintiff, of the large Chrysler plant located in

Boone County authorized in recent years by the County of Boone and located on agricultural land. Counsel further contends that the substantial gain to the public outweighs substantially the hardship on the owner resulting from maintaining the agricultural zoning. This court fails to see how the public will gain by the continuation of agricultural zoning to this 50-acre tract comprised of 15 acres of submarginal land and 35 acres of woods, being the only wooded area apparently available in the area north of Belvidere. Nor are we impressed by the testimony concerning the suitability of this property for farming purposes, as indicated above. It is true, as counsel points out, that boundary lines must be placed somewhere; however, in view of the other authorized rezoning of the numerous subdivision areas in Boone County north of Belvidere, we fail to see how this argument is applicable.

■■ The defendant next contends that the trial court erred in its interpretation of the requirements of a three-fourths majority vote of the County Board where there is a written protest against such rezoning. The County argues that the trial court granted the relief prayed for by plaintiff primarily because it viewed the three-fourths vote requirement of the Boone County Zoning Ordinance as improper. Counsel for the County properly points out that section 5 of "An Act in relation to county zoning" (Ill. Rev. Stat. 1973, ch. 34, par. 3158) does require a three-fourths favorable vote by all members of the County Board where such a protest has been filed as was done here. However, this in itself is not decisive. The basic issue to be determined, as stated above, is whether the zoning is unconstitutional and invalid as applied to the property in question, which the trial court so held.

The last contention of the County is that the decree entered by the trial court was improper and beyond the jurisdiction of the court. This argument is based on that portion of the order appealed from which authorizes plaintiff to use the subject property for any use permitted under the D-1 (Single Family Dwelling) classification. The County contends that since plaintiff proposed a specific use of the property, the decree should have been narrowly drawn so as to allow *only* the use proposed.

■■■ As this court pointed out in *Dixon v. County of Kane* (1966), 77 Ill.App.2d 338, 342, 222 N.E.2d 354, 356-57:

> "The evils in a decision which merely invalidates existing zoning were clearly pointed out by the Supreme Court in the case of Sinclair Pipe Line Co. v. Richton Park, 19 Ill.2d 370, 167 N.E.2d 406 (1960)."

We further stated:

> "If a specific use is proposed, the court, after invalidating the zon-

ing, may authorize the proposed use if that is reasonable under the circumstances of the case. Fiore v. City of Highland Park, 76 Ill.App.2d 62, 221 N.E.2d 323."

In its briefs counsel for the plaintiff points out:

"The most the Trial Court could do and it did do is declare the property could be used in the manner proposed by the plaintiff in accordance with the application and plans submitted in the present controversy * * *."

Likewise, counsel for the County of Boone points out:

"The most the trial court could do, where, as here, there was evidence as to a specific proposed use, was to declare that the property could be used in the manner proposed by the plaintiff if the court felt that such use was reasonable under all the circumstances of the case."

Therefore, in light of the apparent agreement of counsel, under the provisions of Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1973, ch. 110A, par. 366) so much of the decree of the trial court that finds the plaintiff has the right to use the premises for such uses as are permitted under D-1 (Single Family Dwelling District) provisions of the Zoning Ordinance of the County of Boone, and so much of the decree that provides that the County of Boone shall approve the rezoning of the subject premises to D-1 (Single Family Dwelling District) are modified to provide that the property herein may be used for the specific proposed use, to-wit: single-family residences only, in the manner proposed by the plaintiff.

The judgment of the trial court, finding the Boone County Zoning Ordinance as applied to plaintiff's property herein to be unconstitutional and invalid is affirmed and the decree entered herein is modified as indicated above.

Affirmed as modified.

SEIDENFELD and HALLETT, JJ., concur.