LA SALLE NATIONAL BANK, Trustee, *et al.*, Plaintiffs-Appellees, *v.* THE COUNTY OF COOK, Defendant-Appellant.—(THE VILLAGE OF GLENVIEW, Intervenor-Appellant.)

First District (2nd Division)   No. 76-226

Opinion filed July 19, 1977.—Rehearing denied September 26, 1977.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel and William E. Kenny, Assistant State's Attorneys, of counsel), for appellant.

Charles G. Haskins, Ronald S. Cope, and Maurice J. Nathanson, all of Chicago (Alexander White, of counsel), for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This appeal arises out of an action for declaratory judgment against the County of Cook in which plaintiffs sought to have the single-family zoning restriction of the subject property declared invalid. The trial court found that the zoning restriction was invalid as applied to plaintiffs'

property and that plaintiffs were entitled to use the property for multiple-family purposes. Cook County appeals from that judgment.

The subject property is owned by plaintiffs, La Salle National Bank and American National Bank and Trust Company, as trustees, and is situated in unincorporated Cook County near Glenview. The property consists of approximately 28 acres of vacant land and is located between Pinsky Road (unimproved) on the north, Lake Avenue on the south, Landwehr Road on the east, and Potter Road on the west. The subject property is zoned solely for single-family residences as is the property immediately to the east and west of the subject property.

Plaintiffs filed an application with the Cook County Zoning Board of Appeals for a zoning reclassification which would permit plaintiffs to erect a multi-family development on the subject property consisting of six structures containing approximately 500 units. The Zoning Board, after a public hearing on the application, recommended to the Cook County Board of Commissioners that the application be denied. The County Board denied plaintiffs' application for rezoning.

At trial in the circuit court of Cook County, the owners of the beneficial interests in the subject property, an architect-city planner and a real estate appraiser-consultant testified on behalf of plaintiffs. Each owner of a beneficial interest in the subject property testified that he purchased his interest with knowledge that the property was zoned solely for single-family residences. Plaintiffs' architect-city planner testified that the highest and best use of the subject property would be for multiple-family residences. However, he also testified that the existing community must be protected and admitted that in formulating his opinion as to the highest and best use of the subject property he did not take into consideration the absence of public transportation from the area surrounding the subject property. Plaintiffs' real estate appraiser testified that the highest and best use of the subject property would be for multiple-family residences. However he also testified that some of the homes surrounding the subject property could suffer a 10-percent decrease in value as a result of a multi-family development.

Homeowners residing near the subject property, a licensed real estate broker, the highway commissioner of Northfield Township, the vice president of High School District 225 (in which district the subject property is located, including nearby Glenbrook South High School), the building and zoning director of Glenview, a city planning and zoning consultant, and a traffic engineer testified on behalf of defendant. Each homeowner testified that he purchased his property in reliance upon its single-family zoning classification. One homeowner also noted that the absence of excessive traffic was an attractive feature of the community.

Defendant's real estate broker testified that the plaintiffs could derive a profit from selling their land for single-family residential purposes and that the need for single-family dwellings exists in the community. He also testified that the proposed multi-family development would be out of character with present community development and that a multi-family development would adversely affect the value of surrounding single-family homes.

The vice president of High School District 225, testifying on behalf of defendant, also opposed plaintiffs' proposed development. His opposition was based upon a belief that plaintiffs' development would aggravate an already severe traffic problem which existed near Glenbrook South High School, located just north of Lake Street, between Landwehr and Pfingsten roads.

Defendant's city planner testified that Potter Road, bordering the subject property to the west, could not accommodate the traffic which would result from a multi-family development. He further testified that the subject property is suitable for single family use, that there is a need for single-family homes and that sewer and water could be provided for single-family residences.

■■ It is now axiomatic that a presumption exists in favor of the validity of the zoning ordinance. (*Forestview Homeowners Association v. County of Cook* (1974), 18 Ill. App. 3d 230, 309 N.E.2d 763.) This presumption can only be overcome if the one challenging the ordinance shows (1) its invalidity by clear and convincing evidence (*Buhrmaster v. County of Du Page* (1973), 16 Ill. App. 3d 212, 215, 305 N.E.2d 722, 725), and (2) that it is arbitrary and unreasonable and has no substantial relation to the public health, safety or welfare. (*La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 428, 312 N.E.2d 625, 632.) Based upon the aforementioned testimony and an examination of exhibits, we find that plaintiffs have failed to sustain their burden of proving that the single-family zoning classification as applied to the subject property is invalid.

■■ The factors to be considered in determining the validity of the zoning ordinance are the following:

1. The existing uses and zoning of nearby property;

2. The extent to which property values are diminished by the particular zoning restrictions;

3. The extent to which the destruction of property values of plaintiff promotes the health, safety, morals or general welfare of the public;

4. The relative gain to the public as compared to the hardship imposed upon the individual property owner;

5. The suitability of the subject property for the zoned purposes; and

6. The length of time the property has been vacant as zoned considered in the context of land development in the area in the vicinity of the subject property.

*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46-47, 145 N.E.2d 65, 69.

A weighing of the above factors reflects the validity of the single-family zoning classification. The nearby property to the east and west of the subject property is zoned for and developed with single-family residences. Plaintiffs' proposed development would serve to bisect this community and alter its single family residential character. Furthermore, there is uncontroverted testimony that a zoning reclassification to multi-family residential would cause the surrounding single-family dwellings to decrease in value as much as 10 percent. The single-family zoning classification protects against such depreciation and therefore obviously has a reasonable relationship to public welfare, even without the presumption of validity. *Trendel v. County of Cook* (1963), 27 Ill. 2d 155, 164, 188 N.E.2d 668, 672.

The record and exhibits before us further reflect the absence of other evidence, which we must deem detrimental to plaintiffs. Pinsky Road, the unimproved northern boundary of the subject property, and Potter Road, the western boundary of the subject property, would constitute means of ingress and egress for plaintiffs' proposed development. There was, however, no evidence as to how Pinsky Road could be improved for these purposes. Also lacking was evidence of any prospective linkage of the subject property to Crescent Lane and Westview Drive in the subdivision to the east and evidence to adequately establish the availability of water, sanitary and storm sewers and solutions to water runoff problems which would result from plaintiffs' proposed development. We cannot be unmindful of the need, in evaluating the plans for such a high density multi-family development, for adequate water, sanitary sewers and storm water runoff. The record before us is totally devoid of any evidence of the availability of these necessities.

In *Forestview*, we noted (18 Ill. App. 3d 230, 238) that much of unincorporated Cook County as it develops, becomes annexed to existing municipalities. We further noted that nearby villages not only had a right, but a duty to concern themselves with the development of property practically adjoining their village limits. In this case the municipal limits of the village of Glenview (an intervening appellant) come within one-half mile of part of the subject property. The record indicates that the comprehensive plan of the Village of Glenview for the subject area, as recorded in the Cook County Recorder's office, recommends that the subject property be used for a single-family residential use allowing four family units per acre.

It is true that the subject property has remained vacant under the single-family residential zoning classification. While this factor might otherwise have been favorable to plaintiffs to demonstrate an inability to develop the subject property as zoned, the testimony reflects that plaintiffs have not endeavored to sell or develop the subject property for the zoned purposes. This fact, coupled with defendant's expert testimony that a need for single-family dwellings exists, requires us to find that the suitability of the subject property for the zoned purposes is, at least, debatable.

The plaintiffs point to a multi-family residential area, known as Brookview Village, which abuts a small portion of the southernmost boundary of their property. Brookview is developed with 480 multiple-family units at a density of 17.4 units per acre. However, there are significant differences which distinguish these tracts. Brookview is located along Lake Avenue, a four-lane road with heavy traffic, and also borders Landwehr Road, with access to both roads. Its traffic does not affect interior or secondary roads, yet on the other hand, plaintiffs' property, as we have noted, will seriously affect Potter and Pinsky roads.

Plaintiffs also point to a large tract of unincorporated real estate to the north of the subject property. Allstate Insurance Company owns the 110-acre tract which has access to both Landwehr Road to the east and Willow Road, a major four-lane highway, to the north. The tract which is zoned as a planned unit development will include condominiums and townhouse developments with a gross density of 4.4 units per acre. Around the perimeter of the property will be an 18-hole golf course. Again, the proposed development of the Allstate property provides a dramatic difference from the subject property.

We therefore hold that the plaintiffs have not overcome the presumptive validity of the zoning ordinance. The evidence reflects a legitimate difference of opinion as to the reasonableness of the ordinance and under such circumstances the legislative judgment of the county must prevail. *Buhrmaster v. County of Du Page* (1973), 16 Ill. App. 3d 212, 217, 305 N.E.2d 722, 727.

The judgment of the circuit court of Cook County is reversed.

Reversed.

DOWNING, P. J., and PERLIN, J., concur.