Rule 23 order filed
May 11, 2015;
Motion to publish granted
June 22, 2015.

2015 IL App (5th) 140186

NO. 5-14-0186

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| DENNIS TIPTON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | |
| | ) | No. 13-MR-200 |
| MADISON COUNTY, ILLINOIS; MADISON | ) | |
| COUNTY BOARD; and MADISON COUNTY | ) | |
| PLANNING AND DEVELOPMENT | ) | |
| DEPARTMENT, | ) | Honorable |
| | ) | Donald M. Flack, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the judgment of the court, with opinion.
Presiding Justice Cates and Justice Schwarm concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, Dennis Tipton, built a 60-by-128-foot pole barn on his property. The property was zoned for agricultural use, but the plaintiff intended to use the building to store equipment for use in his off-site concrete construction business. A series of discussions ensued between the plaintiff and Madison County planning and development officials regarding whether this intended use was consistent with the county's zoning ordinance. The officials took the position that the plaintiff's proposed use was not

1

permitted. The plaintiff filed an application for a change in the zoning of his property, which was denied. He then filed a complaint under the Administrative Review Law (735 ILCS 5/3-101 *et seq*. (West 2012)). The plaintiff argued that (1) the county's interpretation of the ordinance was not correct, and (2) the denial of his application was against the manifest weight of the evidence. The circuit court affirmed the denial by the Madison County Board (County Board) of the plaintiff's rezoning request. The court found that the question of the county's interpretation of the ordinance was not properly before it, but noted that if it were to consider the question, it would uphold the county's interpretation. The plaintiff appeals, arguing that (1) the court properly considered whether his intended use was permitted under the zoning ordinance, but erroneously concluded that it was not; and (2) the denial of his rezoning application was against the manifest weight of the evidence. We affirm.

¶ 2 The plaintiff owns a 10-acre parcel in Madison County. The parcel is zoned for agricultural use and is situated near property zoned for low-density residential use. The section of the Madison County zoning ordinance governing agricultural districts expressly permits use of the land in such districts for various agricultural pursuits such as raising animals or poultry and growing farm crops, garden crops, trees, or sod. Madison County Zoning Ordinance § 93.023(C)(1) (passed 1985). In addition, the ordinance expressly permits use for activities associated with or ancillary to farming and for providing services to people living in the agricultural district. See, *e.g*., Madison County Zoning Ordinance § 93.023(C)(2) (animal hospitals); § 93.023(C)(6) (living quarters for people working on farms); § 93.023(C)(4) (greenhouses); § 93.023(C)(12) (single-family

residences); § 93.023(C)(13) (schools); § 93.023(D)(2) (agricultural implement sales, service, and repair); § 93.023(D)(3) (animal feed storage, preparation, and retail) (passed 1985). As the plaintiff emphasized, the ordinance also permits uses that bear little connection to agriculture. See, *e.g.*, Madison County Zoning Ordinance § 93.023(D)(15) (colleges and universities); § 93.023(D)(17) (golf courses); § 93.023(D)(19) (kennels) (passed 1985). The zoning ordinance provides that any use not expressly permitted is prohibited. Madison County Zoning Ordinance § 93.060 (passed 1985).

¶ 3    On July 18, 2012, the plaintiff obtained a permit for the construction of a pole building on his property. See Madison County Zoning Ordinance § 93.023(C)(19) (passed 1985). On August 7, Madison County planning and development administrator Matt Brandmeyer sent the plaintiff a letter. Brandmeyer noted that the plaintiff's property was zoned for agricultural use and told the plaintiff that he was writing "to affirm that the building may only be used for personal or agricultural purposes and may not be used for business operations."

¶ 4    On August 22, 2012, the plaintiff's attorney replied to Brandmeyer's letter. His letter stated that "it is our opinion that the planned structure and proposed uses are permitted and not prohibited" under the Madison County zoning ordinance. The letter further stated that construction of the building had commenced and would continue. Although the letter did not specify the plaintiff's proposed use, he informed planning officials by telephone that he intended to use the building to store equipment for use in his concrete business.

¶ 5    On September 7, Madison County planning coordinator Derek Jackson sent a letter to the plaintiff informing him that a stop work order had been issued.  Jackson informed the plaintiff that the order could be lifted if he signed an affidavit attesting that he would use the building in accordance with the zoning ordinance or filed an application to change the zoning of his property from agricultural to business.  In December 2012, the plaintiff signed an affidavit stating that he would use the building in a manner permitted under the ordinance.

¶ 6    On January 18, 2013, Jackson again wrote to the plaintiff.  He reminded the plaintiff that he must either use the property in a manner permitted under the zoning ordinance or file an application to rezone the entire parcel.  Jackson acknowledged receipt of the plaintiff's affidavit.  He went on to explain that under the ordinance, the building could be used to store personal or agricultural equipment, but not equipment used in his business.

¶ 7    On April 11, 2013, the plaintiff filed an application to change the zoning of his property to a planned business district.  On May 23, the zoning board of appeals held a hearing on the application.  Numerous neighboring property owners expressed opposition to the change, citing concerns over increased traffic, vehicular safety, noise, and an adverse impact on their property value.  The owner of an adjacent property stated that the plaintiff ignored his request to preserve a tree line between the two properties so he would not have to see the large pole building from his property.  In addition, the developer of a nearby subdivision opposed the proposed zoning change, arguing that it would be inconsistent with the neighboring residential properties.  The zoning board of

4

appeals found that the plaintiff's proposed change would be incompatible with the surrounding area and would have a detrimental effect on adjoining properties. It further found that the proposed change would amount to spot zoning. The board therefore recommended that the plaintiff's application be denied.

¶ 8    On June 6, the matter came before the planning and development committee. The plaintiff argued that his use of the property to store equipment would not result in significant increases in traffic. He further argued that the type of equipment he intended to store on the property was similar to the type of equipment permitted for use in agriculture under the ordinance. He told committee members that he intended to store three skid loaders, a backhoe, and forming materials inside the pole building. In addition, he stated that he would store utility trailers outside the building. The trailers would be used to haul equipment from the property to work sites in the morning and back again in the evening. One committee member voiced concern with the plaintiff's proposed use of the property due to its inconsistency with the surrounding low-density residential area. The committee voted to approve the findings and recommendations of the zoning board of appeals.

¶ 9    On June 19, 2013, the County Board denied the plaintiff's application. On July 25, 2013, the plaintiff filed his complaint for administrative review, naming as defendants Madison County, the County Board, and the Madison County Planning and Development Department. The complaint contained two counts. Count I requested administrative review. In it, the plaintiff requested reversal of the County Board's decision to deny his application and the determination by planning officials that his proposed use of the

5

building was not permitted under the ordinance. Count II requested a declaratory judgment ruling that the plaintiff was permitted to use the property to store his equipment.

¶ 10    On September 17, 2013, the defendants filed a motion to dismiss count II of the complaint on the basis that the Administrative Review Law provides the exclusive remedy for administrative decisions, and independent causes of action may not be joined with claims for administrative review. See *Ross v. City of Freeport*, 319 Ill. App. 3d 835, 839 (2001). They also filed a motion to dismiss, in part, count I of the complaint, arguing that the plaintiff failed to exhaust his administrative remedies with respect to the county's determination that his proposed use of the pole building was not permitted under the ordinance.

¶ 11    On November 21, 2013, the court entered an order dismissing count II of the plaintiff's complaint by agreement of the parties. In the same order, the court denied the defendants' motion to dismiss, in part, count I. The court went on to state, however, that "the court is precluded from considering the issue with respect to the Defendants' interpretation [of the ordinance] as to whether the pole barn on plaintiff's property could be used in connection with his business." The court noted that it could consider evidence related to this but could "grant no relief."

¶ 12    The court held a hearing in the matter on April 2, 2014. At the outset, the court and counsel clarified the court's earlier ruling regarding the question of the defendants' interpretation of the ordinance. The court explained that it could consider evidence related to the interpretation of the ordinance in connection with its review of the decision

6

to deny the plaintiff's rezoning application, but the issue of interpretation was not properly before the court.

¶ 13   The plaintiff argued that the denial of his application was against the manifest weight of the evidence because many of the uses expressly permitted under the ordinance were "far more intrusive to the neighborhood" than the plaintiff's proposed use of the building.  He pointed out that some of these permitted uses−such as animal hospitals (see Madison County Zoning Ordinance § 93.023(C)(2) (passed 1985)) and retail greenhouses (see Madison County Zoning Ordinance § 93.023(C)(4) (passed 1985))−are commercial uses that would involve "a lot of people coming to the property."  By contrast, he asserted, he intended only to store equipment on the property, which would be taken away to a work site in the morning and returned in the evening.

¶ 14   At this point, counsel for the defendants interrupted, stating, "I don't want to interject, but he's arguing the validity of the ordinance."  The court asked the plaintiff's counsel to clarify his argument, and counsel replied that he was arguing that the defendants applied the ordinance incorrectly to the facts before them and their decision was against the manifest weight of the evidence.  He stated that the plaintiff was not challenging the validity of the ordinance.

¶ 15   Counsel for the defendants highlighted the testimony of numerous neighboring property owners who opposed the zoning change because they feared it would adversely impact their use and enjoyment of their property and the testimony of zoning officials and developers that the proposed change was inconsistent with the use of the surrounding

properties. He argued that the county has the right and the obligation to take these factors into consideration.

¶ 16 Ruling from the bench, the court stated, "I don't see that the Court can find that there were any factual findings that were against the manifest weight of the evidence in light of the fact that there were neighbors speaking out against the proposal." The court then addressed the plaintiff's contention that some expressly permitted uses are more intrusive than his proposed use. The court noted that "whether the public benefits of that intrusion outweigh the negative effects of the intrusion is the type of policy decision that these administrators are supposed to make and the type of decision that the Court should not usurp from them."

¶ 17 The court next addressed the arguments regarding the defendants' determination that the plaintiff's proposed use is not permitted under the ordinance. The court stated twice that it was precluded from considering the issue, but told the parties that because the issues were closely intertwined, it could and did consider evidence related to the question. The court went on to state that if it were to consider the interpretation issue, it would not change the outcome because the court agreed with the county's interpretation of the ordinance. The court entered a written order affirming the administrative decision the same day. This appeal followed.

¶ 18 On appeal from proceedings under the Administrative Review Law, we review the final decision of the administrative agency, not the decision of the circuit court. *Czajka v. Department of Employment Security*, 387 Ill. App. 3d 168, 172 (2008). We will reverse the factual findings of the agency only if they are against the manifest weight of the

8

evidence. *Jackson v. Board of Review of the Department of Labor*, 105 Ill. 2d 501, 513 (1985). However, our review of the agency's conclusions of law is *de novo*. *Czajka*, 387 Ill. App. 3d at 173.

¶ 19    The plaintiff first argues that both planning and development officials and the court erred in finding his proposed use of the property to be prohibited under the ordinance. The defendants argue that we lack jurisdiction to consider this question because the plaintiff failed to exhaust his administrative remedies related to this determination. We agree with the defendants.

¶ 20    The defendants argue that Derek Jackson's January 2013 letter to the plaintiff constituted an administrative determination subject to review by the zoning board of appeals. They contend that because the plaintiff did not exhaust his administrative remedies by seeking review of that determination, both the circuit court and this court lack jurisdiction to consider the question. The zoning board of appeals is authorized and required to "review any order, requirement, decision or determination made by an administrative official charged with the enforcement" of zoning ordinances. 55 ILCS 5/5-12011 (West 2012). This language is broad enough to encompass Jackson's determination that the plaintiff's proposed use of his property was not permitted in an agricultural district. Thus, the plaintiff failed to exhaust the administrative remedy available to him. Moreover, we find that the circuit court properly declined to rule on this question. The court's statements regarding how it would rule were it able to consider the question were *dicta*. We thus lack jurisdiction to consider this question.

¶ 21    The plaintiff next argues that the decision to deny his application for a change in zoning was against the manifest weight of the evidence. This argument is twofold. He first argues that his property fits squarely within the definition of a planned business district—the type of zoning he requested. We are not persuaded.

¶ 22    The Madison County zoning ordinance provides that the purpose of a planned business district is "to provide for maximum commercial site design and utilization in areas favorable for commercial growth but experiencing a variety of developmental problems." Madison County Zoning Ordinance § 93.033(A) (passed 1985). In support of his claim that his property fits within this definition, the plaintiff points to certain features that make his property unsuitable for agriculture. He notes that portions of his property are not farmable due to streams that cross the property as well as the presence of a 50-foot power line easement. He also notes that, at slightly more than 10 acres, the property is small for agricultural use. Significantly, however, the plaintiff points to no evidence to show that either his property or the area in which it is situated is well-suited to commercial development. Such evidence might include testimony that there is a need for his proposed use in the vicinity. See, *e.g.*, *Pettee v. County of De Kalb*, 60 Ill. App. 3d 304, 311 (1978). Other evidence that might support his contention includes evidence that many members of the community support the proposed change (see *Pettee*, 60 Ill. App. 3d at 311), evidence that zoning officials support the proposed change (see *Smeja v. County of Boone*, 34 Ill. App. 3d 628, 630 (1975)), or evidence that commercial development had already begun encroaching into the agricultural district (see *Harvard State Bank v. County of McHenry*, 251 Ill. App. 3d 84, 95 (1993)). Because the plaintiff

10

presented no evidence that the property is well-suited to the type of commercial development contemplated by a planned business district designation, we cannot say the County Board's decision is against the manifest weight of the evidence on this basis.

¶ 23   The second component to the plaintiff's argument is his contention that the equipment he seeks to store on his property is "substantially identical" to the machinery found on a farm.  He asserts that his proposed use of the property is thus more similar to the use of the surrounding agricultural properties−and less intrusive−than some of the expressly permitted uses that have little to no connection to agriculture.  Again, we are not persuaded.  First of all, we are not convinced that the plaintiff's use of the property is no more intrusive than the use of similar equipment for agriculture.  The plaintiff admits that he intends to haul heavy equipment to and from work sites.  Moreover, as the trial court noted, zoning officials have the discretion to determine whether the benefits of each type of use outweigh the negative consequences of that use in the district.  Thus, the mere fact that similar uses are permitted under the zoning ordinance is not dispositive.

¶ 24   In addition, the record showed that much of the surrounding area is zoned for residential use, and that the area is trending towards residential development.  It is reasonable for zoning officials to take this development into account in denying an application to permit an inconsistent use of the property even though that use is similar to many uses already permitted.  We conclude that the evidence provides ample support for the determination that the plaintiff's proposed use would be inconsistent with the use of the surrounding properties to the detriment of other property owners.  The decision to

11

deny his application for a change in zoning was, therefore, not against the manifest weight of the evidence.

¶ 25    For the foregoing reasons, we affirm the decision of the circuit court and the decision of the County Board.

¶ 26    Affirmed.

2015 IL App (5th) 140186
NO. 5-14-0186
IN THE
APPELLATE COURT OF ILLINOIS
FIFTH DISTRICT

_____

DENNIS TIPTON,                                    )        Appeal from the
                                                  )        Circuit Court of
      Plaintiff-Appellant,                        )        Madison County.
                                                  )
v.                                                )
                                                  )        No. 13-MR-200
MADISON COUNTY, ILLINOIS; MADISON                 )
COUNTY BOARD; and MADISON COUNTY                  )
PLANNING AND DEVELOPMENT                          )
DEPARTMENT,                                       )        Honorable
                                                  )        Donald M. Flack,
      Defendants-Appellees.                       )        Judge, presiding.

_____

**Rule 23 Order Filed:**        May 11, 2015
**Motion to Publish Granted:**  June 22, 2015
**Opinion Filed:**              June 22, 2015

_____

**Justices:**        Honorable Melissa A. Chapman, J.

                     Honorable Judy L. Cates, P.J., and
                     Honorable S. Gene Schwarm, J.,
                     Concur

_____

**Attorney**        Harry J. Sterling, Sterling and Dowling, P.C., 6 Canty Lane,
**for**             Fairview Heights, IL 62208
**Appellant**

_____

**Attorneys**       Honorable Thomas D. Gibbons, Madison County State's Attorney,
**for**             157 North Main Street, Edwardsville, IL 62025; John McGuire,
**Appellees**       Assistant State's Attorney, Office of the State's Attorney, 157 N.
                    Main Street, Suite 402, Edwardsville, IL 62025; Philip J. Lading,
                    Sandberg, Phoenix & von Gontard, P.C., 101 West Vandalia Street,
                    Suite 300, Edwardsville, IL 62025

_____