WILLIAM CONEY, JR., *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF DU PAGE, Defendant-Appellee.

Second District   No. 76-96

Opinion filed August 2, 1977.—Supplemental opinion filed on denial of rehearing September 20, 1977.

Lloyd E. Dyer, of Donovan, Atten, Mountcastle, Roberts & DaRosa, of Wheaton, for appellants.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel) for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The plaintiff appeals from the judgment of the trial court upholding the validity of the Du Page County Zoning Ordinance as applied to his property.

The plaintiff owns a commercial building which he erected in 1973 on the south side of Ogden Avenue, approximately one-half mile east of the city limits of the City of Naperville. After completing the building the plaintiff began to use it as an automobile body repair shop. Under the County Zoning Ordinance an automobile body repair shop is a B-4 use, whereas the plaintiff's building is within a B-2 (General Retail District) use, which does not permit the operation of an automobile body repair shop. After being informed by the county zoning authorities that he was in violation of the zoning ordinance the plaintiff applied for a special use

permit for his property allowing a body shop operation, which was denied by the Du Page County Zoning Committee. The plaintiff then brought a complaint in declaratory judgment asking that the B-2 classification be declared unconstitutional as to his property. The trial court, after a trial on the merits, upheld the zoning ordinance and dismissed the complaint.

In this appeal the plaintiff contends the present B-2 zoning classification is arbitrary and unreasonable as applied to his property. He points out that there is a large automobile agency directly adjacent to the city limits of Naperville on the north side of Ogden Avenue, which has been granted a B-4 classification. Also, on the north side of Ogden Avenue, 500 feet or so, east of the subject property, is a site used by Wilfred's Construction Company for the storage of building materials, forms, etc.—a more intense use than is permitted under the General Retail—B-2 classification. On the south side of Ogden Avenue within 100 feet and to the west of the subject property is a motorcycle sales and repair business, a B-4 use within a B-2 zone. To the east of the plaintiff's building there are two eating places, both of which have liquor licenses and are technically therefor subject to B-4 classification; however, restaurants are under a B-2 classification and a special use may be granted for a tavern. On cross-examination a witness for the defendant, who was a city and regional planner, testified that a restaurant with a liquor license required a B-4 classification.

Because of the several infractions of the B-2 zoning standards noted above, plaintiff contends the integrity of the B-2 zoning classification along Ogden Avenue has been so impaired that it would be unreasonable and discriminatory to require such classification for his property.

Witnesses for the county, the county zoning officer and a city and regional planner, testified that for the most part the area in question along Ogden Avenue was primarily B-2 in character, being business establishments designed to serve nearby residents and that the more intensive uses so far permitted have not destroyed the general character of the area as a general retail district. They testified that to allow the use applied for would be to allow and encourage "spot" zoning and would destroy the integrity of the entire zoning scheme of the County along Ogden Avenue. Mr. Efrussy, a city planner, stated that there were differences in the intensity of permitted B-4 uses and that it was the purpose of the zoning ordinance to separate those uses which would normally produce more noise, dirt, fumes or visual pollution from those uses which are less intrusive and not related in function to a residential environment.

Three witnesses who were nearby residents testified. One of these said

the body shop did not bother him at all, while the other two complained of the noise and the nighttime operations of the body shop.

■■ ■ It is apparent from the testimony adduced at trial and the exhibits tendered in evidence that there have already been several incursions of B-4 uses into the B-2 zone in question. It is undeniable that the county zoning scheme is no longer intact. On the other hand, as was said by the court in *Buhrmaster v. County of Du Page* (1973), 16 Ill. App. 3d 212, 215:

> "It is now axiomatic that a presumption exists in favor of the validity of the zoning ordinance. This presumption can only be overcome if the one challenging the ordinance shows its invalidity by clear and convincing evidence. [Citations.] Faced with this presumptive validity of the zoning ordinance, it was incumbent upon the plaintiffs to establish that the legislative decision as to the subject property is clearly unreasonable, rather than that the property could reasonably be classified as plaintiffs wished."

■■ In the case before us the presumptive validity of the Du Page County B-2 zoning classification is not overcome merely by showing that a previous B-4 use is being tolerated in that area. Whe must agree with the county zoning expert that the degree of intensity of the prohibited use has a bearing on the question and becomes critical at the point where it threatens the entire zoning scheme by creating a situation from which there is no return.

■■■ We do not ignore the mistakes of the past but they do not create a right in the present plaintiff and we are not inclined to act as a higher zoning board and sweep away whatever remains of the present zoning. We think the possible harm to the public in completing the ruination of the County zoning scheme in this area clearly outweighs the individual's right to engage in the prohibited use in this particular case.

The judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

SEIDENFELD and BOYLE, JJ., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The appellants have petitioned for a rehearing, pointing out that we erred in our opinion in stating that: "Witnesses for the County, the county zoning officer and a city and regional planner, testified that for the most

part the area in question along Ogden Avenue was primarily B-2 in character, * * *" inasmuch as only the city and regional planner, Mr. Efrussy, so testified, the county zoning officer not having expressed any opinion as to the character of the area.

We acknowledge the error in stating that the county zoning officer testified to the same opinion as the regional planner, Mr. Efrussy, since he apparently was not asked and did not express an opinion as to the predominant character of the neighborhood from a zoning standpoint. However, we do not feel this factual misstatement materially impairs the opinion.

Mr. Efrussy's testimony, considered together with that of the plaintiffs' experts, was sufficient to frame the issue before this court. We believe the rationale of the opinion is not affected by our misstatment since the opinion did not depend primarily on the number of witnesses—expert or otherwise—testifying for either side, but rather, on basic considerations of zoning policy.

We note the comment in the petition for rehearing that this court has ignored the supreme court's criteria for determining proper zoning classifications as set forth in the *Myers'* case,[1] and the implication that we have instead allowed a standard based on "the whim of local officials."

That inference is entirely unwarranted from our opinion. We said:

> "In the case before us the presumptive validity of the DuPage County B-2 zoning classification is not overcome merely by showing that a previous B-4 use is being tolerated in that area. We must agree with the County zoning expert that the degree of intensity of the prohibited use has a bearing on the question and becomes critical at the point where it threatens the entire zoning scheme by creating a situation from which there is no return."

We affirm the language as applied to this particular case, while rejecting the implication that it encourages unconstitutional discrimination in zoning, as the plaintiffs contend.

The petition for rehearing is therefore denied and the finding of the original opinion is affirmed.

Petition for rehearing denied; judgment affirmed.

SEIDENFELD and BOYLE, JJ., concur.

---

[1] *Myers v. City of Elmhurst* (1958), 12 Ill. 2d 537.