DU PAGE TRUST COMPANY, Trustee, *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF GLEN ELLYN, Defendant-Appellee.

Second District No. 76-530

Opinion filed May 26, 1978.

William Jegen, of Demling & Jegen, of Glen Ellyn, for appellants.

Jack M. Siegel, of Siegel, Stonesifer & Jentsch, of Chicago, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Plaintiffs, Du Page Trust Company, as trustee under a certain trust agreement known as Trust No. 1413, and Donald Nichols and Patricia Nichols, as beneficiaries of said trust, hereinafter the plaintiffs, brought a declaratory judgment action against the village of Glen Ellyn, hereinafter the village, seeking a declaration that the village's zoning ordinance which restricts the use of their property to R-2, single-family dwellings, is void, and further seeking permission to erect an apartment building as permitted under the village's R-4, multiple-family-use classification.

The trial court found that the restriction of this property to single-family residences was reasonable and not arbitrary; that the village's zoning ordinance as applied to the subject property was constitutional and valid because plaintiffs failed to overcome the presumption of validity attaching to such ordinance as applied to their property by clear and convincing evidence; and that plaintiffs failed to show that the prohibition of the proposed use is unreasonable.

On appeal, plaintiffs contend that the trial court's findings in regard to the present and proposed use were against the manifest weight of the evidence and that the court in its findings erroneously adopted the

village's argument that the plaintiffs had the burden of demonstrating that all intervening zoning classifications were unreasonable.

Plaintiffs' property is a substantially rectangular lot located on the south side of St. Charles Road, approximately 150 feet east of Main Street in Glen Ellyn, Illinois. The parcel has a frontage on St. Charles Road of 128.6 feet and a depth of approximately 217 feet. Improvements on the property include a residential structure, small out-buildings, and a gravel driveway. The residential structure has been operated in non-conformity to the village's single-family zoning ordinance as a two-rental unit for at least 12 years. Plaintiffs, Donald Nichols and Patricia Nichols, purchased the property in 1972 for $33,500 for the purpose of redeveloping the property by removing the existing structure and constructing a new multifamily apartment building.

The subject property is bordered on the east by R-2 single-family homes which extend to the village's limits. The homes in the immediate vicinity of this area are valued at approximately $50,000. Directly south of the subject property are other single-family residences, zoned R-2 and valued from $40,000 to $50,000.

The property directly north of the subject property fronting on St. Charles Road is a converted single-family home which is presently utilized as a craft and boutique establishment. This property is annexed to unincorporated Milton Township. The use of this land is controlled by the zoning ordinance of Du Page County and is currently zoned as a B-4 Business District. Immediately adjacent to the east, along St. Charles Road, the property in the county is designated R-3, single-family residence, with a permissible lot area of 10,000 square feet.

Adjoining plaintiffs' property to the west and extending to the east side of Main Street is a gasoline service station that was erected in 1971 and is open nightly until 11 p.m. This station is part of a C-2 Community Commercial District in Glen Ellyn zoning ordinance which stretches to the south for one block on Main Street and includes the frontage property at the intersection of Main Street and St. Charles Road. The area west and south of this C-2 district, however, is zoned and developed for single-family purposes.

Donald Nichols, one of the plaintiffs and a real estate broker in Glen Ellyn, testified that he would like to build 11 units, either as townhouses or an apartment building, on the subject property. He planned to build four three-bedroom units and seven two-bedroom units, and these multiple-family units would conform to the village's zoning code in regard to parking, height, and other restrictions. Mr. Nichols, however, did not have a specific plan or other specifications for his proposed building.

Donald Sutte, a real estate appraiser, testified for the plaintiffs that, in his opinion, the value of the subject property was:

(1) $27,000—as a nonconforming two-family residence.

(2) $15,000—as one single-family lot, and $20,000 as two single-family lots. In each of these instances, he had considered the demolition cost of the existing structure.

(3) $44,000—if the property was rezoned for an 11-unit apartment building, which again included the demolition cost.

In Mr. Sutte's judgment, the highest and best use of the property after a consideration of the size and location of the site, the adjacent and surrounding zoning and use, traffic, and the condition of the property, was as an 11-unit apartment building.

Frank E. Reno, the director of Public Works for the village, testified for the plaintiffs that in his opinion the water main was adequate to service an 11-unit apartment building. He further indicated that the sewage treatment plant had adequate reserve capacity at the present time to accept the additional sewer discharge which would be produced by an 11-unit apartment at this location. On cross-examination, Mr. Reno acknowledged that there was an already existing problem with the sanitary sewer in the downstream area during wet weather conditions. On redirect, the witness stated that this problem has been the subject of much rehabilitative work by the village over the last two years and that it would be another four years before this problem was alleviated.

Thomas Collins, a real estate appraiser in Du Page County, testified for the village that in his opinion the market value of the property was $35,000 under its present zoning classification. The witness estimated that the single-family properties eastward of the subject property ranged from $40,000 to $55,000. He further opined that the single-family properties to the south of the subject property ranged from $40,000 to $50,000. Mr. Collins adjudged that the depreciation factor to the single-family properties in the immediate vicinity would be approximately 5 percent, depending on the property's proximity to this proposed apartment building. He also opinioned that the single-family character of this area was overwhelming and that rezoning the property would be a likely trendsetter for county land on St. Charles Road. Mr. Collins, on cross-examination, stated that in his opinion the value of this property under the, proposed use was $44,000 to $45,000. He also believed the lot would have a market salability price of a home at $75,000. On redirect, the witness noted that in his opinion the village would grant a variation to permit two single-family sites on the property.

Chris Rogers, a real estate associate who lived approximately four blocks from the subject property, also testified for the village. She was opposed to plaintiffs' proposed apartment building because of its effect on the density of the area, depreciation of her property, sewage treatment and the already existent flooding problem in the area. Similarly, Elaine

McHugh, who lived about four blocks from the plaintiffs' property, testified for the village about the flooding and sewage problems and her general opposition to the proposed apartments in any form. Marie Slauf, who lived nearly four blocks from the subject property, testified for the village concerning her opposition to the proposed use as an apartment. Her main objection was to the possible effect such a building would have on the water and sewage in the area. The village's final witness, Stuart Kennedy, lived on the other side of St. Charles Road a couple of doors down from plaintiffs' property. He opinionated that the proposed development would disrupt the pattern of single-family residences in the area and that he would never have purchased his property in 1950 if an apartment structure in this location had existed or been suggested.

Plaintiffs contend that the trial court's finding restricting the use of the subject property to single-family use is unreasonable and arbitrary and bears no substantial relation to the public health, safety or welfare.

■■ It is axiomatic that a zoning ordinance will be upheld if it has any substantial relationship to the public health or welfare. (*La Salle National Bank v. County of Cook* (1963), 28 Ill. 2d 497, 192 N.E.2d 909; *Aurora National Bank v. City of Aurora* (1976), 41 Ill. App. 3d 239, 353 N.E.2d 61.) Likewise, a zoning ordinance operates under a presumption of validity, and the party attacking the ordinance bears the burden of demonstrating its invalidity by clear and convincing evidence. (*Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 354 N.E.2d 899; *Coney v. County of Du Page* (1977), 51 Ill. App. 3d 980, 367 N.E.2d 152.) Generally, there are a variety of matters which are pertinent and might be considered by a trial court in its determination of the validity of a zoning ordinance. These oft-cited interests include:

> "(1) The existing uses and zoning of nearby property [citations], (2) the extent to which property values are diminished by the particular zoning restrictions [citations], (3) the extent to which the destruction of property values of plaintiff promotes the health, safety, morals or general welfare of the public [citations], (4) the relative gain to the public as compared to the hardship imposed upon the individual property owner [citation], (5) the suitability of the subject property for the zoned purposes * * * [citations], and (6) the length of time the property has been vacant as zoned considered in the context of land development in the area in the vicinity of the subject property. [Citations]." *La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46-47, 145 N.E.2d 65, 69. See also *Tomasek v. City of Des Plaines*, 64 Ill. 2d 172.

■■ In the application of these factors in the present case, our review of the record clearly establishes that the trial court's finding that the present single-family residence classification was reasonable and not confiscatory

is not against the manifest weight of the evidence. Our decision is based on the following prevailing factors:

(1) The overwhelming character of the area surrounding the subject property is distinctly single-family;

(2) The small number of businesses at the Five Corners intersection all operate within the limited confines of this business junction;

(3) The nearest multiple-family use in Glen Ellyn similar to plaintiffs' is miles away;

(4) The diminishment of single-family property values on parcels bordering plaintiffs' property would be in the vicinity of 5 percent if plaintiffs' proposed use was permitted;

(5) The decrease in value of plaintiffs' property is required by valid considerations of protecting the public health, safety and welfare. In particular, the sanitary sewer and water problems created by such a multifamily apartment far outweigh plaintiffs' hardship in the diminishment of their property's value;

(6) The property which consists of approximately two-thirds of an acre is suitable for single-family purposes;

■■ (7) In addition, plaintiffs candidly concede that they were cognizant of the applicable zoning at the time of purchase in 1972 and that their intention with regard to this property has always been to obtain a zoning change. This failure of the plaintiffs herein to even attempt to develop the subject property for its zoned purpose is another factor which the trial court properly considered in determining whether plaintiffs have met their burden of establishing that the single-family zoning was invalid. *La Salle National Bank v. County of Cook* (1977), 52 Ill. App. 3d 76, 367 N.E.2d 131.

It is well settled that where there exists mere differences of opinion concerning the highest and best use of the subject property, the reasonableness of the present zoning classification, the trend in the area and the effect of plaintiffs' proposed use on nearby property, the trial court is in the superior position to determine the credibility of the witnesses, and its findings will not be disturbed unless they are contrary to the manifest weight of the evidence. (*La Salle National Bank v. County of Du Page* (1977), 54 Ill. App. 3d 387, 369 N.E.2d 505.) In the instant case we determine that the trial court's decision that the present zoning of this property was not unconstitutional was proper and was not contrary to the manifest weight of the evidence.

Next, plaintiffs contend that the trial court's finding that plaintiffs' proposed use of the subject was not reasonable is against the manifest weight of the evidence. We disagree.

■■ Plaintiffs' proposed use, which, incidentally, is very sketchy, is clearly incompatible with the surrounding area. The neighboring

property is clearly single-family residential except for a brief patch of commercial property. Neither is the testimony conclusive that this 11-unit multiple-family apartment is the highest and best use of this property. Additionally, there was testimony as to the effect on the sanitary sewer system and water overflow problems in Glen Ellyn if such a building was permitted at this time. Under these circumstances the trial court's determination that plaintiffs' proposed use was not reasonable was not against the manifest weight of the evidence.

In light of our determination that the present zoning is constitutional and that plaintiffs' proposed use was not reasonable, we need not reach plaintiffs' other contentions on appeal.

The judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

WOODWARD and NASH, JJ., concur.