(No. 38087.—

AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed January 22, 1964.*

John C. Melaniphy, Corporation Counsel, of Chicago, (Sydney R. Drebin and Robert J. Collins, Assistants Corporation Counsel, of counsel,) for appellant.

Jacob Shamberg and Stephen A. Malato, both of Chicago, for appellee.

Mr. Justice House delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook County holding the zoning ordinance of the city of Chicago invalid insofar as it prevents the construction of a two-story twenty-four unit apartment building on plaintiff's land and restraining the city from interference with such construction. The trial court certified that the validity of a municipal ordinance is involved.

The property consists of three lots with a total frontage of 67.72 feet on Touhy Avenue to the north but widening at the base to 137 feet on a 20-foot alley, and a larger fourth lot extending south, making the whole tract, including the alley between, triangular with a maximum depth of about 350 feet and width at the base of 274 feet. Joseph E. Valenti, the beneficial owner under a trust, purchased the four lots in 1957 for $15,000. He then obtained a vacation of the alley and purchased the alley strip for $1475. The whole tract contains approximately 49,500 square feet.

The immediate area south of Touhy is zoned for, and improved as, single-family residential. All of the remainder of the block in which plaintiff's property is located has been

built up within the past seven to eight years by single-family dwellings, the opinion value of which varied from $18,000 to $29,500. The uses to the south and to the east for 2 blocks are single-family residential as is the block to the west, except for a two-story nonconforming business use. The north side of Touhy Avenue is located in the village of Niles and is zoned for commercial use by that village.

An examination of the evidence, including many exhibits, reveals that the homes in the immediate area are modern, substantial and very well kept, and that the land is almost completely developed to residential use. In our opinion the subject property partakes of the single-family residential character of the neighborhood south of Touhy Avenue.

This controversy centers around the irregular size and shape of the combined tract. The sharp conflict in the evidence as to highest and best use is occasioned by the use of different standards in fixing valuation.

Valenti maintains that the narrow frontage on Touhy Avenue will permit only two residential lots with extremely large back yards under the zoning ordinance, and that the tract should be developed for multiple apartment use. His valuation of the premises for single-family residential was $10,000, and at $24,000 to $25,000 if used for apartments, while his expert witness fixed valuations at $9,000 and $40,000, respectively. Plaintiff stresses economic unfeasibility and lack of marketability. It is contended that buyers in the price range of homes in the area would not purchase, because they could not afford to pay property taxes of approximately $500 per year and because large rear yards would be a burden and unwanted by most home owners.

The city produced evidence that through use of a cul-de-sac arrangement the tract could be subdivided into six lots with lot areas varying from 5,382 to 6,875 square feet. The lots would each have more than the minimum of

5000 square feet required under this R-2 zoning classification, and would meet all requirements of the ordinance, except for one lot which would require a variation to conform to a yard-area provision. Plaintiff argues that the cul-de-sac subdivision submitted by the city's expert witness, George H. Kranenberg, a planning and zoning consultant, was not available because there was no means of forcing the city to accept the cul-de-sac drive as a public way. It was not the city's duty to point out how plaintiff could best use the tract in conformity with the zoning, but the subdivision plan presented by its expert did demonstrate the possibility, if not the practicability, of a solution other than two single-family dwellings. Plaintiff's evidence of unfeasibility was most unsatisfactory, and no showing was made of any effort to make the best possible use of the tract under its present zoning classification.

The beneficial owner, Valenti, is a building contractor and realtor of more than 20 years experience, who has built and sold many homes in this area. He purchased the four lots, secured the vacation of the alley, purchased the alley portion and joined the five parcels into an odd-shaped tract, all with full knowledge of the single-family zoning classification. While a purchaser is not precluded from challenging a pre-existing zoning classification, his purchase in the face of the zoning restrictions, is a factor to be considered. (*Vedovell* v. *City of Northlake,* 22 Ill.2d 611.) As we have said where a purchase was made with full knowledge of the existing residential classification, "* * * (I)t is not unreasonable to suppose that the price paid was commensurate with that purpose. Under these circumstances, it can hardly be found that the ordinance has diminished the value of plaintiff's property or is confiscatory." *Elmhurst Nat. Bank* v. *City of Chicago,* 22 Ill.2d 396, 402-403.

Under the circumstances here prevailing, the hardship, if any, upon plaintiff by virtue of the zoning classification

does not justify a holding that the zoning ordinance is unreasonable, invalid and unconstitutional as applied to plaintiff's property; and the decree of the circuit court of Cook County so holding is reversed.

*Decree reversed.*