BRUCE M. PILLMAN, Plaintiff-Appellant, *v.* THE VILLAGE OF NORTHBROOK, Defendant-Appellee.—(ANTON WILLI, Plaintiff.)

First District (4th Division)    No. 62202

Opinion filed October 5, 1978.

Howard C. Emmerman, of Chicago (Rudnick & Wolfe, of counsel), for appellant.

Frederic O. Floberg, Clifford L. Weaver, and Christopher J. Duerksen, all of Ross, Hardies, O'Keefe, Babcock & Parsons, of Chicago, for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

This action was brought by the owner and contract purchaser of a tract of land for a declaratory judgment that the Northbrook zoning ordinance and the conditions and restrictions of the R-3 single-family residence classification are unconstitutional as applied to the subject tract, and that the plaintiffs have a right to implement their proposed development of the property as a neighborhood shopping center within the B-2 classification under said ordinance. The court, sitting without a jury, ruled the R-3 single-family residence classification, as applied to the subject property, is unconstitutional and void. The court further denied the plaintiffs' prayer that they be permitted to develop the property as proposed. Bruce M. Pillman (hereinafter plaintiff) takes this appeal only from the denial of his proposed use. The Village of Northbrook (hereinafter the Village), as cross-appellant, has taken an appeal from the ruling voiding the single-family residence classification while leaving the subject property unzoned. This cross-appeal was withdrawn, however, by the Village during oral argument.

The sole issue presented for review, after withdrawal of the cross-appeal, is whether the trial court erred in prohibiting the plaintiff from developing the subject property as proposed.

Plaintiff Pillman is the contract owner of a tract of real estate located at the northwest corner of Dundee and Greenwood Roads, in the Village of Northbrook, Illinois. The subject property has at all times been classified within the R-3 single-family residence classification as prescribed by the zoning ordinance of the Village since its annexation by the Village.

On or about January 19, 1973, plaintiff applied to the Village for an amendment to the Village's zoning ordinance, and the application was denied.

On July 5, 1973, plaintiff filed a complaint for declaratory judgment, alleging that the denial of his application by the Village is unconstitutional, and asking for a finding that plaintiff has the right to use the subject premises in accordance with his said application before the Village. The Village filed its answer, generally denying the allegations of the complaint and raising no affirmative defenses. The cause proceeded to trial.

The subject property is a vacant rectangular-shaped parcel located on the northwest corner of Dundee and Greenwood Roads, having a frontage of 264 feet along Dundee Road and 247 feet along Greenwood. Along the north line of the property is a tree line and shrubbery. The property comprises an area of 64,000 square feet, or 1½ acres.

Directly to the north of the subject property is a subdivision of approximately 30 single-family homes fronting on Greenwood Road.

Greenwood Road is located directly east of and adjacent to the subject property. It runs north approximately 1 block and dead-ends at a barbed wire fence at that point.

Directly to the south of and adjacent to the subject site is Dundee Road, a four-lane divided state highway running east and west. Along the south line of Dundee Road and running both east and west of the subject site is a tree line consisting of trees 30 to 40 feet in height and a 6-foot-high fence. Due south thereof is the Northbrook Knolls Subdivision, which is a single-family residential subdivision.

To the immediate west of and adjacent to the subject site is the shopping center owned by plaintiff, improved with buildings in a Z-shaped configuration and extending approximately 400 feet west from the west line of the subject property along the north side of Dundee Road. The center consists of a number of commercial tenants. The largest area occupied by any tenant is about 3200 square feet. Tenants include a retail pharmacy, a delicatessen, beauty and barber shops, dry cleaning establishments, liquor and food stores, realty office, outdoor sports shop, fabric shop, and a fully enclosed medical complex.

Immediately to the west of and adjacent to the shopping center, extending about 100 feet westerly, is a hardware store. Directly to the west of and adjacent to the hardware store and extending about 100 feet along the north line of Dundee Road to the east line of Pfingsten Road is a Shell service and gasoline station, situated on the northeast corner of Dundee and Pfingsten Roads. On the northwest corner of Dundee and Pfingsten is a Citgo service station. Directly north and west thereof is the Cambridge Court Apartment complex which consists of about 50 units, and to the immediate north and west thereof is a single-family subdivision known as Sky Harbor Subdivision.

At the southeast corner of Dundee and Pfingsten is a Gulf or "E-Z-Go" gasoline service station, and at the southwest corner is a land sales office.

In accordance with his application to the Village, plaintiff's proposed plan calls for an L-shaped building of about 17,800 square feet of area, which would be within the prescriptions of the B-2 commercial classification of the Northbrook zoning ordinance.

The court heard expert testimony of land planners, appraisers, traffic analysts, and engineers before finding the existing classification unconstitutional, yet prohibiting plaintiffs Pillman and Willi from developing the subject property as proposed. This appeal by plaintiff Pillman followed.

Plaintiff's appeal is only from the failure of the trial court to enter judgment finding and declaring plaintiff's right to use the property in accordance with his proposed site plan.

It is undisputed that plaintiff has proved the invalidity of the single-

family dwelling classification then applicable to the subject premises, and the crux of this case is, therefore, the question of the reasonableness of the plaintiff's proposed use.

The parties agree that in making this determination of reasonableness the court should consider the factors discussed in *La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46-47, 145 N.E.2d 65, 69, as to (1) the existing uses and zoning of nearby property, (2) the suitability of the subject property for the zoned purposes, (3) the reduction in property value caused by the zoning restrictions, (4) the reduction in property value compared to the enhancement of health, safety, morals, or general welfare of the public, (5) the relative gain to the public as compared to the hardship imposed upon the individual landowner, and (6) the length of time the property has been vacant.

With regard to the above factors, testimony was heard by the court, sitting as trier of fact. The plaintiff points out the proposed shopping center is to be developed as an extension of an existing, abutting, commercial neighborhood shopping center. Experts for the Village point out the existing shopping center was zoned over 10 years ago and its size was found to be optimum. The surrounding area was almost entirely residential and the community's needs were adequately fulfilled. Testimony was heard that an increase in the size of the shopping center, as proposed by plaintiff, would change the character of the shopping center from a neighborhood shopping center to one which would attract customers from outside the neighborhood into and through the neighborhood, rather than from within the neighborhood as originally envisioned. The trial judge found it very important that the proposal would double the traffic on Greenwood Road, a nearby residential street. On Dundee Road, traffic would congest due to added cars turning into the new proposed shopping center.

The Village has shown the proposed commercial use would have a seriously adverse effect upon the enjoyment and value of the surrounding single-family homes; it would not be in keeping with the surrounding development patterns; it would cause serious traffic problems, and there was no community need to double the size of the shopping center.

■■ Applying the standard of reasonableness, the court's refusal to grant plaintiff's proposal to develop the subject property is abundantly supported by the record.

■■ At trial, the Village, in arguing against plaintiff's proposed use, introduced into evidence the reasonableness of multifamily dwelling zoning classification for the subject premises; plaintiff now claims the trial court erred in considering such evidence. The Illinois Supreme Court in *American National Bank & Trust Co. v. City of Chicago* (1964), 30 Ill. 2d 251, 254-55, 195 N.E.2d 627, 629, has taken into consideration a proposed

44

subdivision plan, suggested by the City's planning expert, in determining the best possible use of a tract of land, and we hold here that a proposed zoning plan, if reasonable, may be a factor in determining the central question of whether or not plaintiff's proposed use is an appropriate use of the subject premises. At trial, the court properly attached relevancy to the feasibility of the multifamily dwelling classification as one element to be weighed in deciding the issue of the appropriate use of the subject premises.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.